UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                          No. 03-4600

BARRY WAYNE BYNUM,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-96-17)

Submitted: November 26, 2003

Decided: December 22, 2003

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Barry Wayne Bynum appeals the district court's judgment revoking his term of supervised release and sentencing him to twelve months' imprisonment. The petition for revocation alleged that Bynum (1) failed to comply with drug testing; (2) used illegal drugs; (3) committed a new law violation; (4) failed to comply with drug treatment; and (5) failed to make required court payments. Finding no error, we affirm.

Bynum argues that the district court erred by conducting the revocation hearing during the pendency of state criminal proceedings regarding the alleged new law violation in contravention of the *Younger* abstention doctrine.* Because Bynum raises this argument for the first time on appeal, we review it for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993); Fed. R. Crim. P. 52(b).

The *Younger* abstention doctrine is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to present the federal claims in the state proceeding. *Employers Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Because there would not be an adequate opportunity to resolve the federal issue of the propriety of revoking Bynum's term of supervised release in the state criminal proceedings the district court properly declined to abstain under *Younger*. *See* Shannon, 65 F.3d at 1134. Finally, we note that Bynum admitted to the four other violations of the conditions of his supervised release, none of which were the subject of state court proceedings. Thus, even if the district court had abstained from holding the revocation hearing with regard to the new state law violation, the four other admitted violations would have subjected Bynum to mandatory revocation of his term of supervised release. *See* 18 U.S.C. § 3583(g)(1), (3)-(4) (2000). Thus,

---

*Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury.

any error could not have affected Bynum's substantial rights, because it would not have "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734.

Bynum also argues that the district court violated his right to procedural due process by failing to make specific written findings of fact to support its ruling. "[A] transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court stated as follows: "Well, the court finds that by a preponderance of the evidence that [Bynum] violated condition having to do with crime with respect to [the new law] violation . . . ." (J.A. at 44.) This transcribed oral finding, coupled with testimony of an investigating officer regarding the theft by Bynum, enables us to review the basis of the district court's finding that a preponderance of the evidence established Bynum committed a new violation of law.

For these reasons, the district court did not plainly err by conducting the revocation hearing, nor were Bynum's procedural due process rights violated. Accordingly, we affirm the district court's judgment revoking Bynum's term of supervised release and sentencing him to twelve months' imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*